# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARRYL HASLETT,**
**#R-01829,**
       **Plaintiff,**

v.                                    No. 3:17-cv-01011-DRH

**CHAPLAIN ARNOLD,**
       **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Darryl Haslett, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 for constitutional violations that allegedly occurred at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff, who is a Muslim, asserts that Pinckneyville's chaplain interfered with his ability to practice his religious beliefs by preventing Plaintiff from participating in the Ramadan fasts in 2015 and 2016. In connection with these claims, Plaintiff names Chaplain Arnold (a chaplain allegedly employed by IDOC) and seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff was transferred to Pinckneyville in February of 2015. (Doc. 1, p. 5). After attending orientation, Plaintiff wrote a letter to Arnold asking to be approved for Jummah service as well as Ramadan, which is mandatory for "every able bodied Muslim." *Id.* Plaintiff apparently wrote several letters before finally receiving a response from Arnold on June 16, 2015. *Id.* Arnold's letter indicated that, as of June 15, 2015, Plaintiff had been added to the Jummah service list. *Id.* However, Plaintiff's request to participate in Ramadan was denied. *Id.* Arnold claimed that the Plaintiff's Ramadan request was untimely (all requests were to have been filed on or before May 4, 2015 and Arnold claimed Plaintiff missed the

sign-up deadline). Arnold indicated that the deadline had been posted on the chalkboard in the Jummah service room. *Id.* However, because Plaintiff was not approved for Jummah service, he never would have seen the deadline postings.[1] Ultimately, Plaintiff was not permitted to participate in Ramadan in 2015. *Id.* Plaintiff's grievances regarding this issue were denied. *Id.*

In 2016, Plaintiff completed a timely request to participate in Ramadan and personally delivered the request to Arnold. (Doc. 1, p. 6). Ramadan began on June 6, 2016. *Id.* On June 6, 2016, Plaintiff was informed that he was not on the list to participate in Ramadan. *Id.* Plaintiff wrote a letter to Arnold explaining that he had submitted a timely request and had personally delivered it to Arnold. (Doc. 1, pp. 6, 18). Arnold never responded. (Doc. 1, p. 6). Plaintiff complained to an officer and a counselor, but both indicated that nothing could be done without Arnold's approval. (Doc. 1, pp. 6, 29). Plaintiff also contends that, at some point, Arnold "lied" to him, indicating that Arnold had no authority to place Plaintiff on the approval list. (Doc. 1, p. 6). Plaintiff wrote another letter to Arnold on June 9, 2016, but heard nothing. (Doc. 1, pp. 6, 19).

Plaintiff alleges he attempted to file a grievance in early July. (Doc. 1, p. 6). However, the grievance was apparently lost by his counselor. (Doc. 1, pp. 6, 22-25). Plaintiff also submitted a grievance on July 22, 2016 and September 9, 2016. (Doc. 1, pp. 6, 20-21, 26-27). The grievances were eventually denied as being untimely. (Doc. 1, p. 28). Plaintiff attempted to fast, as required by

---

[1] The Complaint is not entirely clear; however, if Plaintiff began writing letters in February 2015, he did not miss the sign-up deadline.

Ramadan, on his own, but was unable to complete the process. As a result, Plaintiff fell off his path of righteousness, began swearing, fighting, and gambling, and eventually was placed in disciplinary segregation. *Id.*

## **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** First Amendment claim against Arnold, for denying Plaintiff the right to participate in the Ramadan fast in 2015 and 2016, thereby interfering with his free exercise of religion.

Prisoners enjoy a right to exercise their religion under the First Amendment, *Vinning–El v. Evans*, 657F.3d 591, 592–93 (7th Cir. 2011), but the right is "subject to limits appropriate to the nature of prison life." *Id*. Restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which includes security and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir.2009).

In his Complaint, Plaintiff contends that Arnold interfered with his right to practice his religion by denying him the ability to participate in the Ramadan fast in both 2015 and 2016. At this stage of the case, Plaintiff has adequately pled a First Amendment claim against Arnold for interfering with his practice of his

## Pending Motions

(1) Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

(2) Plaintiff's Motion for Recruitment of Counsel shall be referred to a United States Magistrate Judge for disposition.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint shall receive further review as to **ARNOLD.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **ARNOLD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work

address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in

address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.24 09:51:14 -05'00'

**UNITED STATES DISTRICT JUDGE**